IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ALAN WADE JOHNSON §
(BOP #09541-079), §
 §
   Petitioner, §
 §
v. § No. 4:15-CV-524-A
 §
DARLEEN DREW, Warden, §
USP-Atlanta, and §
KEN PAXTON, Attorney General, §
the State of Texas, §
 §
   Respondent. §

### MEMORANDUM OPINION
### and
### ORDER

  This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Alan Wade Johnson, a federal prisoner incarcerated in USP-Atlanta, against Darleen Drew, Warden of USP-Atlanta, and Ken Paxton, Attorney General for the State of Texas, respondents. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL HISTORY

  In 1976, pursuant to a plea agreement, petitioner pleaded guilty in Tarrant County, Texas, to aggravated robbery (Case No. 6879), aggravated sexual abuse (Case No. 6880), and aggravated

rape (Case No. 5486) and was sentenced to three concurrent 50-year sentences in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ).[1] Resp't's Mot. to Dismiss 3, ECF No. 24. On February 17, 1994, petitioner was convicted by a jury in El Paso County, Texas, of enhanced aggravated robbery (Case No. 61331) and received a life sentence. Resp't's Mot. to Dismiss 3, ECF No. 24. On October 8, 2012, petitioner was released on parole in all four cases to a federal detainer. Attach. to Pet. 3, ECF No. 1. Petitioner is currently incarcerated in the Federal Bureau of Prisons for federal firearms offenses. J., United States v. Johnson, Criminal Action No. 3:93-cr-00460-DB-1, ECF No. 65.

By way of this petition, petitioner raises six grounds for relief:

(1) His negotiated guilty pleas in Case Nos. 6879, 6880, and 5486 were not voluntarily, intelligently and knowingly entered because he was not informed of the "direct punitive consequences of his plea would be a LIFETIME imposed BAN on Free Speech, Anonymous Free Speech, Free Expression, Free Thought, Free Press"[2];

---

[1] In 1975 petitioner pleaded guilty pursuant to a plea agreement to three counts of aggravated robbery in Dallas County, Texas, and was sentenced to three 20-year sentences. The Tarrant County court ordered that his 50-year sentences run concurrent with the Dallas County sentences.

[2] According to petition, "[t]hese LIFETIME BANS are: (1) INTERNET ACCESS; (2) PUBLICATIONS; (3) COMPUTER EQUIPMENT; (4) PHOTOGRAPHIC EQUIPMENT; (5) CELL

2

(2)  His negotiated guilty pleas in Case Nos. 6879, 6880, and 5486 were not voluntarily, intelligently and knowingly entered because he was not informed of the "direct punitive consequences of a LIFETIME imposed residency and travel restrictions **after** he had fully served and discharged his final judgments";

(3)  His negotiated guilty pleas in Case Nos. 6879, 6880, and 5486 were not voluntarily, intelligently and knowingly entered because he was not informed of the "direct punitive consequences imposing LIFETIME sex offender parole conditions and extending his expired 50-year sentences to LIFE, after he fully served and discharged his final judgement(s)";

(4)  His negotiated guilty pleas in Case Nos. 6879, 6880, and 5486 were not voluntarily, intelligently and knowingly entered because he was not informed of the "direct punitive consequences of his pleas was LIFETIME imposed PHYSICAL ATTACHMENT OF GLOBAL MONITORING SYSTEM DEVICE";

(5)  His negotiated guilty pleas in Case Nos. 6879, 6880, and 5486 were not voluntarily, intelligently and knowingly entered because he was not informed of the "direct punitive consequence of imposing LIFETIME sex offenders registration in-person every 90-days world-wide and annual special driver's license (sex offender) **after** he had fully served and discharged his 50-year sentences"; and

(6)  The plea agreement was breached by the state "rendering his negotiated guilty pleas involuntary and thereby void, by forcibly imposing LIFETIME acute punitive disabilities, **after** he had fully served and discharged" his sentences.

---

PHONE; (6) ELECTRONIC EQUIPMENT; AND (7) VISUAL MEDIA EQUIPMENT."

3

Pet.6-7D, ECF No. 1 (emphasis in original).

Petitioner raised his claims in six state habeas applications relevant to this petition. The first three, one for each Tarrant County conviction, were filed on October 10, 2014, and dismissed by the Texas Court of Criminal Appeals on November 19, 2014, as noncompliant with form requirements.[3] Adm. R., WR-9,813-10 thru -12, ECF Nos. 28-22, 29-1 & 29-5. The remaining three, filed on March 10, 2015, were denied by the Texas Court of Criminal Appeals on May 6, 2015, without written order on the findings of the trial court. *Id.* WR-9,813-13 thru -15, ECF Nos. 29-1, 29-5 & 29-10. Petitioner filed this federal petition for writ of habeas corpus on July 13, 2015.[4] Respondent has filed a motion to dismiss the petition on limitations grounds. Resp't's Mot. to Dismiss 5-8, ECF No. 24.

## II. STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d) imposes a one-year statute of

---

[3]Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not provide the date petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" on page 12 of the applications reflects the date the applications were signed by petitioner. For purposes of this opinion, petitioner's state habeas applications are deemed filed on those dates.

[4]Similarly, petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Respondent argues that under subsection (D), applicable to

this case, the limitations period began to run on October 8, 2012, the date petitioner was released to parole, and expired one year later on October 8, 2013, absent any tolling. The court agrees. The limitations period commenced on the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. On October 8, 2012, petitioner signed a parole certificate, which notified him of both the statutorily mandated conditions as well as the special conditions of his parole. Attach. to Pet. 1-3, ECF No. 1. Thus, his federal petition was due one year later on October 8, 2013, absent any tolling under section (d)(2) or as a matter of equity.

For purposes of statutory tolling, petitioner's writ of mandamus and his state habeas petitions, filed after limitations had already expired, did not operate to toll the limitations period.[5] *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Nor has petitioner demonstrated that he is entitled to equitable

---

[5] Petitioner's first three state habeas applications were dismissed for noncompliance with the state's form requirements. Thus, even if they had been filed within the limitations period, they would not have operated to toll limitations. *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999).

6

tolling. For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner makes no such showing. He asserts that equitable tolling is justified because at the time he signed the Parole Certificate he was confused and unable to determine whether he was on parole for all four cases; he could not access Texas law and statutes on the federal prison facility's computerized law library; he had to obtain funds from his family to purchase Texas legal materials; TDCJ did not respond to his letters regarding whether he was on parole or had discharged his Tarrant County sentences; and the state misled him by incorrectly calculating his sentences "leaving him in legal limbo . . . with their collective failures to adhere to codes, directive and statutes." Pet'r's Reply 4-7, ECF No. 30. In large part, petitioner's complaints are common problems for inmates seeking postconviction relief. His remaining claims are not substantiated by the record and/or not sufficiently rare and extraordinary to warrant equitable tolling.

Therefore, petitioner's federal petition was due on or

before October 8, 2013, and his petition filed on July 13, 2015, is untimely.

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss be, and is hereby, granted and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED April 6, 2016.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE